# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| Chaya Deutsch,<br><br>　　　　　　　Plaintiff,<br><br><br>　　-against-<br><br>Equifax Information Services LLC;<br>Experian Information Solutions, Inc.;<br>TransUnion, LLC;<br>American Express National Bank;<br>Capital One, N.A.;<br>US Bank; and<br>C. Tech Collections, Inc.<br><br>　　　　　　　Defendant(s). | Case No.:<br><br><br>**COMPLAINT AND DEMAND<br>FOR JURY TRIAL** |

Plaintiff Chaya Deutsch, by and through counsel, as for this Complaint against Defendants Equifax Information Services LLC ("Equifax"), Experian Information Solutions, Inc. ("Experian"), and TransUnion, LLC ("TransUnion"), (Equifax, Experian, and TransUnion, each a "Bureau" and collectively "Bureaus"), American Express National Bank ("American Express"); Capital One, N.A. ("Capital One"), US Bank ("US Bank"), C. Tech Collections, Inc. ("CTech") (American Express, Capital One, US Bank, and CTech each a "Furnisher" and collectively "Furnishers"), respectfully sets forth, complains, and alleges, upon information and belief, the following:

1.　　Plaintiff brings this action for damages arising from the Defendants' violations of 15 U.S.C. § 1681 *et seq*., the Fair Credit Reporting Act ("FCRA").

2.　　Plaintiff also brings this action for damages arising from CTech's violations of 15 U.S.C. § 1692 et seq., the Fair Debt Collections Practices Act ("FDCPA")

## JURISDICTION AND VENUE

3.    The Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1367, as well as

15 U.S.C. § 1681p *et seq*. and 15 U.S.C. § 1692 *et seq*.

4.    Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391(b)(2), as a

substantial part of the events or omissions giving rise to the claim occurred here, the Plaintiff

resides here, and the Defendants transact business here.

## PARTIES

5.    Plaintiff is a resident of the State of New York, county of Rockland.

6.    At all times material hereto, Plaintiff was a "consumer" as defined under 15 U.S.C.

§ 1681a (c).

7.    Defendant Equifax Information Services LLC is a consumer reporting agency as

defined by 15 U.S.C. § 1681a (f) and conducts substantial and regular business activities in this

judicial district.

8.    Equifax is a Georgia corporation registered to do business in this State.

9.    Equifax may be served with process upon its registered agent c/o Corporation Service

Company, 80 State Street, Albany, New York, 12207-2543.

10.    Equifax is a consumer reporting agency that compiles and maintains files on

consumers on a nationwide basis and is regularly engaged in the business of assembling,

evaluating, and disbursing information concerning consumers to third parties for the purpose of

furnishing consumer reports, as defined under 15 U.S.C. § 1681a (p).

11.    At all times material hereto, Equifax disbursed such consumer reports to third parties

under a contract for monetary compensation.

12.    Defendant Experian Information Solutions, Inc., is a consumer reporting agency as defined by 15 U.S.C. § 1681a (f) and conducts substantial and regular business activities in this judicial district.

13.    Experian is an Ohio corporation registered to do business in this State.

14.    Experian may be served with process upon its registered agent at c/o CT Corporation System, 28 Liberty St., New York, NY 10005.

15.    Experian is a consumer reporting agency that compiles and maintains files on consumers on a nationwide basis and is regularly engaged in the business of assembling, evaluating, and disbursing information concerning consumers to third parties for the purpose of furnishing consumer reports, as defined under 15 U.S.C. § 1681a (p).

16.    At all times material hereto, Experian disbursed such consumer reports to third parties under a contract for monetary compensation.

17.    Defendant TransUnion, LLC, is a consumer reporting agency as defined by 15 U.S.C. § 1681a (f) and conducts substantial and regular business activities in this judicial district.

18.    Defendant TransUnion is a Delaware corporation registered to do business in this State.

19.    TransUnion may be served with process upon its registered agent at The Prentice-Hall Corporation System, Inc., 80 State Street, Albany, New York, 12207-2543.

20.    At all times material hereto, TransUnion is a consumer reporting agency regularly engaged in the business of assembling, evaluating and disbursing information concerning consumers for the purpose of furnishing consumer reports, as said term is defined under 15 U.S.C. § 1681a(p) to third parties.

21.    At all times material hereto, TransUnion disbursed such consumer reports to third parties under a contract for monetary compensation.

22.    Defendant American Express is a person who furnishes information to consumer reporting agencies under 15 U.S.C. § 1681s-2.

23.    American Express has an address for service at c/o CT Corporation System, 28 Liberty Street, New NY 10005.

24.    Defendant Capital One is a person who furnishes information to consumer reporting agencies under 15 U.S.C. § 1681s-2.

25.    Capital One has an address for service at 1680 Capital One Drive, McLean, VA, 22101.

26.    Defendant US Bank is a person who furnishes information to consumer reporting agencies under 15 U.S.C. § 1681s-2.

27.    US Bank has an address for service at 800 Nicolett Mall, Minneapolis, MN 55402.

28.    Defendant C. Tech is a "debt collector" as the phrase is defined in 15 U.S.C. § 1692(a)(6) and used in the FDCPA.

29.    CTech has an address at 5505 Nesconset Highway, Suite 200, Mount Sinai, New York, 11766.

30.    Upon information and belief, Defendant CTech is a company that uses the mail, telephone, and facsimile and regularly engages in business the principal purpose of which is to attempt to collect debts alleged to be due another and/or regularly engages in debt collection.

## FACTUAL ALLEGATIONS

31.    Plaintiff incorporates the above allegations as if set forth herein.

32.    In or before September 2022, Plaintiff noticed multiple accounts on her credit report.

33.    Plaintiff allegedly had at least two American Express accounts in her name.

34.     The First Amex Account number ending in …30973 ("First Amex Account").

35.     The First Amex Account was reported as having a $4,662 balance.

36.     The Second Amex Account number ending in 34403 ("Second Amex Account") (the First Amex Account and Second Amex Account collectively "Amex Accounts").

37.     The Second Amex Account was reported as having a $3,089 balance.

38.     There was also a third American Express account, account number ending in 06193 with a $1,826 balance reporting.

39.     Plaintiff allegedly had two US Bank accounts in her name.

40.     The first US Bank account number begins with 46922… ("First US Bank Account").

41.     The First US Bank Account was reported as having a balance of $7,917.

42.     The Second US Bank account number begins with 47078… ("Second US Bank Account") (the First US Bank Account and Second US Bank Account, collectively "US Bank Accounts").

43.     The Second US Bank Account was reported as having a balance of $9,424.

44.     The Capital One account number begins with 414709… ("Capital One Account") (the Amex Accounts, US Bank Accounts, and Capital One Account, each an "Account" and collectively "Accounts").

45.     The Capital One Account was reported as having a balance of $23,509.

46.     The CTech account number begins with 80628…. ("CTech Account")

47.     However, Plaintiff did not incur these debts.

48.     Plaintiff is not liable for these debts.

49.     She is a victim of identity theft.

50.    The information furnished by the respective Furnishers and published by each Bureau is inaccurate.

51.    Each Bureau has been reporting this inaccurate information through the issuance of false and inaccurate credit information and consumer reports that they have disseminated to various persons and credit grantors, both known and unknown.

52.    Plaintiff reported these crimes to law enforcement.

53.    On or about September 15, 2022, Plaintiff submitted an FTC Identity Theft Report ("FTC report").

54.    Plaintiff confirmed that she is a victim of the crime of identity theft.

55.    In the FTC Report, Plaintiff described the fraud.

56.    Plaintiff stated that the Accounts charges were not hers.

57.    Plaintiff confirmed her understanding that knowingly making false statements to the government may result in a fine, imprisonment, or both.

58.    The FTC Report states, "Use this form to prove to business and credit bureaus that you submitted an FTC Identity Theft Report to law enforcement."

59.    An FTC Report is acceptable proof of identity theft to block items in a consumer's credit report as disputed for being fraudulent.

60.    Upon receipt of notice of identity theft, each Bureau is required to block the disputed information pursuant to 15 U.S.C. § 1681c-2.

61.    Plaintiff notified each Bureau that she disputed the accuracy of the information it was reporting on or around September 15, 2022. ("First Dispute")

62.    Plaintiff again notified each Bureau that she disputed the accuracy of the information it was reporting on or around December 2, 2022 ("Second Dispute") (First Dispute and Second Dispute, collectively "Dispute").

63.    Plaintiff sent the Dispute to each Bureau.

64.    In the Dispute, Plaintiff included a description of the identity theft, copies of the FTC Report, her social security information, her government-issued United States passport, and a utility bill to verify her identity.

65.    Each Bureau is required to notify each Furnisher of Plaintiff's respective dispute(s).

66.    On or about the dates identified above, it appears and is therefore averred that each Bureau notified each Furnisher of Plaintiff's respective dispute(s).

67.    Upon receipt of the dispute(s) of the account by the Plaintiff from each Bureau, each Furnisher failed to conduct a reasonable investigation and continued to report false and inaccurate adverse information on the consumer report of the Plaintiff with respect to their respective disputed Accounts.

68.    Had each Furnisher done a reasonable investigation it would have been revealed to it that its Account information is inaccurate.

69.    A reasonable investigation by each Defendant would have revealed that each respective Account is being incorrectly reported.

70.    Despite one or more of the Disputes, and subsequent to it, one or more of the Accounts and fraudulent charges remained on Plaintiff's credit report from each Bureau.

71.    After Plaintiff's First Dispute, her TransUnion credit report still contained the Amex Accounts, US Bank Accounts, and the Capital One account.

72.  After Plaintiff's Second Dispute, her TransUnion credit report still contained the US Bank Accounts, Capital One Account, and CTech Account.

73.  The CTech Account is also not marked as disputed by Plaintiff, as required.

74.  After Plaintiff's First Dispute, her Experian credit report still contained the US Bank Accounts and Amex Accounts.

75.  After Plaintiff's Second Dispute, her Experian credit report still contained the US Bank Accounts.

76.  After Plaintiff's First Dispute, her Equifax credit report still contained the US Bank Accounts.

77.  After Plaintiff's Second Dispute, her Equifax credit report still contained the US Bank Accounts.

78.  In response to Plaintiff's First Dispute, on or about September 30, 2022, Equifax responded that it "is not blocking information you named" because "you need to provide proof of your identity, the specific information that is the results of the identity theft, and a copy of your complete and submitted Identity Theft Report with the Federal Trade Commission".

79.  This response makes no sense because Plaintiff provided these very same documents and information.

80.  Equifax was refusing to comply with the law claiming Plaintiff failed to submit documentation despite that Plaintiff submitted the precise documentation Equifax required.

81.  Some of the fraudulent accounts were removed by Defendants but not others.

82.  Since the fraud was the same, ignoring the other identical claims makes no sense.

83.  Despite being on notice from Plaintiff, each Furnisher was reporting the respective Accounts and balance to each respective Bureau.

84.   Each Bureau was reporting the Accounts and balance on Plaintiff's credit reports.

85.   On information and belief, on dates better known to each Bureau, it issued credit reports concerning the Plaintiff that included the Accounts and incorrect balances.

86.   On information and belief, on dates better known to each Bureau, it issued credit reports concerning the Plaintiff that included the Accounts and incorrect balances.

87.   The information furnished by each Furnisher and published by each Bureau was inaccurate.

88.   Each Bureau had been reporting this inaccurate information through the issuance of false and inaccurate credit information and consumer reports that it has disseminated to various persons and credit grantors, both known and unknown.

89.   Despite the disputes by the Plaintiff that the information on his consumer report was inaccurate with respect to the disputed account, each Defendant did not evaluate or consider any of the information, claims, or evidence of the Plaintiff and did not make an attempt to substantially reasonably verify that the derogatory information concerning the disputed account was inaccurate.

90.   Each Bureau violated 15 U.S.C. § 1681i (a)(1)(A) by failing to conduct a reasonable investigation and failing to delete or correct the disputed trade line within 30 days of receiving each of Plaintiff's Disputes.

91.   Each Bureau violated 15 U.S.C. § 1681i (a)(2)(A) by failing to provide notice of the dispute(s) to each respective Furnisher or, in the alternative, if each Bureau did comply with Section 1681i (a)(2)(A) then it failed to comply with Section 1681i (a)(2)(B) by failing to provide Plaintiff all relevant information received from each Furnisher.

92.    Each Bureau violated 15 U.S.C. § 1681e (b) by failing to follow reasonable procedures to assure maximum possible accuracy of the information on Plaintiff's credit report.

93.    Each Bureau further violated 15 U.S.C. § 1681c-2 (a) (Block of information resulting from identity theft).

94.    Each Furnisher's actions described herein violated 15 U.S.C. 1681s-2 (b).

95.    Notwithstanding Plaintiff's efforts, Defendants continued to publish and disseminate such inaccurate information to other third parties, persons, entities and credit grantors.

96.    Defendants knew the information was inaccurate.

97.    Each Defendant was in possession of the information and documentation of the inaccuracies and fraud of each Account yet persisted in reporting it anyway.

98.    Had each Bureau enacted and followed reasonable procedures to assure maximum possible accuracy of the information on Plaintiff's credit report, the negative account information would not have appeared on Plaintiff's credit report.

99.    Defendants continued to furnish credit data which is inaccurate and materially misleading, and each Bureau's reporting of the above-referenced tradeline continued to be inaccurate and materially misleading.

100.    The alleged CTech Account obligation is a "debt" as defined by 15 U.S.C.§ 1692a (5).

101.    The creditor of the Account is a "creditor" as defined by 15 U.S.C.§ 1692a (4).

102.    CTech collects and attempts to collect debts incurred or alleged to have been incurred for personal, family or household purposes on behalf of creditors using the United States Postal Services, telephone and internet.

103.    PRA's collection of the CTech Account was improper.

## Damages

104.  As a result of Defendants' failure to comply with the FCRA, Plaintiff has been damaged.

105.  As a result of CTech's failure to also comply with the FDCPA, Plaintiff has been damaged.

106.  Defendants' erroneous reporting continues to affect Plaintiff's reputation, creditworthiness, and credit score.

107.  Plaintiff suffered damage to her reputation as it falsely appears as if she is delinquent on the Accounts.

108.  This false information was published to numerous third-parties.

109.  This negative information reflected poorly upon Plaintiff and is incompatible with the proper exercise of Plaintiff's lawful business, trade, or profession.

110.  Plaintiff has, inter alia, suffered a loss of credit, loss of ability to purchase and benefit from credit, loss of time, loss of money, harm to her reputation, a chilling effect on applications for credit, mental and emotional pain, anguish, humiliation, and embarrassment of having incorrect information on her credit report, in her credit file, and for credit denial and its after-effects.

111.  Plaintiff was also denied funding opportunities due to Defendants' actions.

112.  Plaintiff was emotionally distraught.

113.  After disputing the Accounts and requesting it be removed, Plaintiff was attempting to secure credit.

114.  Plaintiff attempted to secure a loan to purchase a new home.

115.  Due to each of Defendants' action, Plaintiff was unable to secure the necessary credit.

116.  Plaintiff's mortgage broker explained that due to the Accounts appearing on her credit reports, she would either be denied for a mortgage or be approved with an extremely high rate that she would be unable to afford.

117.  Plaintiff was therefore unable to secure a mortgage to purchase a home.

## FIRST CAUSE OF ACTION
### (Willful Violation of the FCRA as to each Bureau)

118.  Plaintiff incorporates the allegations in the paragraphs above the First Cause of Action as if set forth here.

119.  This is an action for willful violation of the Fair Credit Reporting Act, 15 U.S.C. § 1681 *et seq.*

120.  Each Bureau violated 15 U.S.C. § 1681e (b) by failing to establish or to follow reasonable procedures to assure maximum possible accuracy in the preparation of the credit report and credit files that Each Bureau maintained concerning the Plaintiff.

121.  Each Bureau violated 15 U.S.C. § 1681i (a)(1)(A) by failing to conduct a reasonable investigation and delete the disputed tradeline within 30 days of receiving Plaintiff's Dispute and by failing to maintain reasonable procedures with which to verify the disputed information in Plaintiff's credit file.

122.  The FCRA has provisions that specifically govern disputes based on alleged identity theft, yet each Bureau failed to comply with those provisions.

123.  When Plaintiff alleged identity theft and sent a valid identity theft report that was filed with law enforcement, each Bureau was required to stop reporting the fraudulent information in the Plaintiff's credit report. See 15 U.S.C. §§ 1681c-2(a), 1681a(q)(4); 12 C.F.R. § 1022.3(i)(1).

124.  The FCRA thus reflects congressional recognition that it is unreasonable for each Bureau not to block information that is contained in a credit report due to identity theft when the crime has been reported to law enforcement.

125.  Each Bureau further violated 15 U.S.C. § 1681c-2(a) (Block of information resulting from identity theft) by failing to block information in Plaintiff's credit report after receiving the Report.

126.  Upon information and belief, each Bureau further violated 15 U.S.C. § 1681c-2(b) by failing to promptly notify the furnisher of information identified by Plaintiff under subsection (a) of 15 U.S.C. § 1681c-2.

127.  Each Bureau has willfully and recklessly failed to comply with the Act.

128.  The failure of each Bureau to comply with the Act include but are not necessarily limited to the following:

a)  The failure to follow reasonable procedures to assure the maximum possible accuracy of the information reported;

b)  The failure to remove and/or correct the inaccuracy and derogatory credit information after a reasonable request by the Plaintiff;

c)  The failure to promptly and adequately investigate information which each Bureau had notice was inaccurate;

d)  The continual placement of inaccurate information into the credit report of the Plaintiff after being advised by the Plaintiff that the information was inaccurate;

e)    The failure to promptly delete information that was found to be inaccurate, or could not be verified, or that the source of information had advised each Bureau to delete;

f)    failing to block information in Plaintiff's credit report after Plaintiff identified it as information that resulted from identity theft;

g)    failing to promptly notify the furnishers of information identified by Plaintiff as information that resulted from identity theft;

h)    The failure to take adequate steps to verify information Each Bureau had reason to believe was inaccurate before including it in the credit report of the consumer; and

i)    The failure to provide notice of a dispute to the furnishers or, in the alternative, the failure to provide Plaintiff all relevant information received from the furnisher in response to a dispute.

129.  As described above, and as a result of the conduct, action, and inaction of each Bureau, Plaintiff suffered damage as described above.

130.  The conduct, action and inaction of each Bureau was willful rendering it liable for actual, statutory and punitive damages in an amount to be determined by a fact-finder pursuant to 15 U.S.C. § 1681n.

131.  The Plaintiff is entitled to recover reasonable costs and attorney's fees from each Bureau in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n.

WHEREFORE, Plaintiff, an individual, demands judgment against each Bureau, for damages together with attorney's fees and court costs pursuant to 15 U.S.C. § 1681n.

## SECOND CAUSE OF ACTION

**(Negligent Violation of the FCRA as to each Bureau)**

132.  Plaintiff incorporates the allegations in the paragraphs above the First Cause of Action as if set forth here.

133.  This is an action for negligent violation of the Fair Credit Reporting Act, 15 U.S.C. § 1681 et seq.

134.  Each Bureau violated 15 U.S.C. § 1681e (b) by failing to establish or to follow reasonable procedures to assure maximum possible accuracy in the preparation of the credit report and credit files that TransUnion maintained concerning the Plaintiff.

135.  Each Bureau violated 15 U.S.C. § 1681i (a)(1)(A) by failing to conduct a reasonable investigation and delete the disputed tradeline within 30 days of receiving Plaintiff's Dispute and by failing to maintain reasonable procedures with which to verify the disputed information in Plaintiff's credit file.

136.  The FCRA has provisions that specifically govern disputes based on alleged identity theft, yet each Bureau failed to comply with those provisions.

137.  When Plaintiff alleged identity theft and sent a valid identity theft report that was filed with law enforcement, each Bureau was required to stop reporting the fraudulent information in the Plaintiff's credit report. See 15 U.S.C. §§ 1681c-2(a), 1681a(q)(4); 12 C.F.R. § 1022.3(i)(1).

138.  The FCRA thus reflects congressional recognition that it is unreasonable for each Bureau not to block information that is contained in a credit report due to identity theft when the crime has been reported to law enforcement.

139.  Each Bureau further violated 15 U.S.C. § 1681c-2(a) (Block of information resulting from identity theft) by failing to block information in Plaintiff's credit report after receiving the Report.

140. Upon information and belief, each Bureau further violated 15 U.S.C. § 1681c-2(b) by failing to promptly notify the furnisher of information identified by Plaintiff under subsection (a) of 15 U.S.C. § 1681c-2.

141. Each Bureau has negligently failed to comply with the Act.

142. The failure of each Bureau to comply with the Act include but are not necessarily limited to the following:

a) The failure to follow reasonable procedures to assure the maximum possible accuracy of the information reported;

b) The failure to remove and/or correct the inaccuracy and derogatory credit information after a reasonable request by the Plaintiff;

c) The failure to promptly and adequately investigate information which each Bureau had notice was inaccurate;

d) The continual placement of inaccurate information into the credit report of the Plaintiff after being advised by the Plaintiff that the information was inaccurate;

e) The failure to promptly delete information that was found to be inaccurate, or could not be verified, or that the source of information had advised each Bureau to delete;

f) failing to block information in Plaintiff's credit report after Plaintiff identified it as information that resulted from identity theft;

g) failing to promptly notify the furnisher of information identified by Plaintiff as information that resulted from identity theft;

h) The failure to take adequate steps to verify information Each Bureau had reason to believe was inaccurate before including it in the credit report of the consumer; and

i) The failure to provide notice of a dispute to the furnisher or, in the alternative, the failure to provide Plaintiff all relevant information received from the furnisher in response to a dispute.

143. As described above, and as a result of the conduct, action, and inaction of each Bureau, Plaintiff suffered damage as described above.

144. The conduct, action, and inaction of each Bureau was negligent, entitling Plaintiff to damages under 15 U.S.C. § 1681o.

145. The Plaintiff is entitled to recover reasonable costs and attorney's fees from each Bureau in an amount to be determined by the factfinder pursuant to 15 U.S.C. § 1681n and 1681o.

WHEREFORE, Plaintiff, an individual, demands judgment against each Bureau, for damages together with attorney's fees and court costs pursuant to 15 U.S.C. § 1681o.

## THIRD CAUSE OF ACTION
### (Willful Violation of the FCRA as to Each Furnisher)

146. Plaintiff incorporates the allegations in the paragraphs above the First Cause of Action as if set forth here.

147. This is an action for willful violation of the Fair Credit Reporting Act, 15 U.S.C. § 1681 et seq.

148. Pursuant to the Act, all persons who furnished information to reporting agencies must participate in re-investigations conducted by the agencies when consumers dispute the accuracy and completeness of information contained in a consumer credit report.

149.  Pursuant to the Act, a furnisher of disputed information is notified by the reporting agency when the agency receives a notice of dispute from a consumer such as the Plaintiff. The furnisher must then conduct a timely investigation of the disputed information and review all relevant information provided by the agency.

150.  The results of the investigation must be reported to the agency and, if the investigation reveals that the original information is incomplete or inaccurate, the furnisher must report the results to any other agencies which were supplied such information.

151.  Each Furnisher violated 15 U.S.C. § 1681s-2 (b) as described above, including, but not limited to, failing to fully and properly investigate the dispute of the Plaintiff, failing to review all relevant information regarding same, and failing to correctly report results of an accurate investigation to the credit reporting agencies.

152.  As described above, and as a result of the conduct, action, and inaction of each Furnisher, Plaintiff suffered damage as described above

153.     The conduct, action, and inaction of Each Furnisher was willful, rendering it liable for actual, statutory and punitive damages in an amount to be determined by the factfinder pursuant to 15 U.S.C. § 1681n.

154.  The Plaintiff is entitled to recover reasonable costs and attorney's fees from Each Furnisher in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n.

WHEREFORE, Plaintiff, an individual, demands judgment in her favor against each Furnisher for damages, together with attorney's fees and court costs pursuant to 15 U.S.C. § 1681n.

## FOURTH CAUSE OF ACTION
### (Negligent Violation of the FCRA as to Each Furnisher)

155.  Plaintiff incorporates the allegations in the paragraphs above the First Cause of Action as if set forth here.

156.  This is an action for negligent violation of the Fair Credit Reporting Act, 15 U.S.C. § 1681 et seq.

157.  Pursuant to the Act, all persons who furnished information to reporting agencies must participate in re-investigations conducted by the agencies when consumers dispute the accuracy and completeness of information contained in a consumer credit report.

158.  Pursuant to the Act, a furnisher of disputed information is notified by the reporting agency when the agency receives a notice of dispute from a consumer such as the Plaintiff. The furnisher must then conduct a timely investigation of the disputed information and review all relevant information provided by the agency.

159.  The results of the investigation must be reported to the agency and, if the investigation reveals that the original information is incomplete or inaccurate, the furnisher must report the results to any other agencies which were supplied such information.

160.  As described above, each furnisher is liable to the Plaintiff for negligently failing to comply with the requirements imposed on furnishers of information pursuant to 15 U.S.C. § 1681s-2 (b).

161.  After receiving the Dispute from each Bureau, each furnisher negligently failed to conduct its reinvestigation in good faith.

162.  A reasonable investigation would require each furnisher to consider and evaluate a specific dispute by the consumer, along with all other facts, evidence and materials provided by the agency to the furnisher.

163.  The conduct, action and inaction of each furnisher was negligent, entitling the Plaintiff to recover actual damages under 15 U.S.C. § 1681o.

164.  As described above, and as a result of the conduct, action, and inaction of each furnisher, Plaintiff suffered damage as described above.

165.  The Plaintiff is entitled to recover reasonable costs and attorney's fees from each furnisher in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n and 1681o.

WHEREFORE, Plaintiff, an individual, demands judgment in the favor against each furnisher for damages, together with attorney's fees and court costs pursuant to 15 U.S.C. § 1681o.

## FIFTH CAUSE OF ACTION
### (Violation of the FDCPA as to CTech)

166.  Plaintiff incorporates the allegations above the First Cause of Action as if set forth here.

167.  CTech's debt collection efforts attempted and/or directed towards the Plaintiff violated various provisions of the FDCPA, including but not limited to, 15 U.S.C. §§ 1692d, 1692e, and 1692f.

168.  Pursuant to 15 U.S.C. § 1692e, a debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt.

169.  CTech violated said section, as described above, in violation of §§ 1692e, 1692e (2), 1692e (8), and 1692e (10).

170.  Alternatively, CTech's debt collection efforts attempted and/or directed towards the Plaintiff violated various provisions of the FDCPA, including but not limited to, 15 U.S.C. § 1692f and 1692f (1).

171.  Pursuant to 15 U.S.C. §1692f, a debt collector may not use any unfair or unconscionable means in connection with the collection of any debt.

172. CTech violated this section by unfairly reporting the Account as described above.

173. Pursuant to 15 U.S.C. § 1692d a debt collector may not engage in any conduct the natural consequence of which is to harass, oppress, or abuse any person in connection with the collection of a debt.

174. CTech violated 15 U.S.C. § 1692d by engaging in conduct the natural consequence of which was to harass, oppress, or abuse Plaintiff in connection with the collection of the debt.

175. Defendant violated said section, as described above, in violation of § 1692d.

176. By reason thereof, CTech is liable to Plaintiff for judgment that CTech's conduct violated Sections 1692d, 1692e, and/or 1692f *et seq.* of the FDCPA and Plaintiff is entitled to actual damages, statutory damages, costs and attorneys' fees.

## DEMAND FOR TRIAL BY JURY

177. Plaintiff demands a trial by jury for all claims and issues in this complaint to which Plaintiff is or may be entitled to a jury trial.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff demands judgment from each Defendant:

a) For actual damages provided and pursuant to 15 U.S.C. § 1681o (a) be awarded for each negligent violation as alleged herein;

b) For actual damages provided and pursuant to 15 U.S.C. § 1640(a)(1);

c) For statutory damages provided and pursuant to 15 U.S.C. § 1681n (a);

d)  For statutory damages provided and pursuant to 15 U.S.C. § 1640(a)(2);

e) For punitive damages provided and pursuant to 15 U.S.C. § 1681n (a)(2);

f) For attorney fees and costs provided and pursuant to 15 U.S.C. § 1681n (a)(3), 15 U.S.C. § 1681o (a)(2) and 15 U.S.C. § 1640(a)(3); and

g) For any such other and further relief, as well as further costs, expenses and disbursements of this action as this Court may deem just and proper.

**WHEREFORE**, Plaintiff demands judgment from CTech as follows:

a) For actual damages provided and pursuant to 15 U.S.C. § 1692k(a)(1);

b) For statutory damages provided and pursuant to 15 U.S.C. § 1692k(a)(2)(A);

c) For attorney fees and costs provided and pursuant to 15 U.S.C. § 1692k(a)(3);

d) For declaratory relief stating that Defendant violated the FDCPA pursuant to 28 U.S.C. § 2201; and

e) For any such other and further relief, as well as further costs, expenses and disbursements of this action as this Court may deem just and proper.

Dated:  March 29, 2023

Respectfully submitted,

**Stein Saks, PLLC**

s/ Eliyahu Babad
By:  Eliyahu Babad, Esq.
One University Plaza, Suite 620
Hackensack, NJ 07601
(201) 282-6500 ext. 121
Fax: (201) 282-6501
EBabad@SteinSaksLegal.com

*Attorneys for Plaintiff*